UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMBER VINSON,

    Plaintiff,

v.

PEYTON C. GRINNELL,
in his official capacity as
LAKE COUNTY SHERIFF,

    Defendant.
_____/

CASE NO.:

JURY TRIAL DEMANDED

# COMPLAINT

Amber Vinson ("Vinson"), by and through her undersigned counsel, hereby files this Complaint against Payton C. Grinnell, in his capacity as Lake County Sheriff ("Defendant"), for violation of the Family Medical Leave Act ("FMLA"), and in support states as follows:

## NATURE OF ACTION

1. This is an action arising from and seeking redress for Defendant's violations of the FMLA (interference and retaliation).

## JURISDICTION AND VENUE

2. This Court has jurisdiction because this action involves claims for damages and reasonable attorneys' fees and costs under a federal statute, the FMLA.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Vinson's claims occurred in the Middle District of Florida.

4. Defendant is located in Lake County, Florida.

5. Defendant employed Vinson in Lake County, Florida.

## PARTIES

6. At all material times herein, Vinson was an "employee" of Defendant defined 42 U.S.C. § 2000e(f).

7. Defendant is the current sheriff of the Lake County Sheriff's Office ("LCSO").

## FACTUAL ALLEGATIONS

8. Vinson was employed by Defendant as a deputy sheriff from December 29, 2003, until her constructive discharge on December 11, 2020.

9. As a result of work-related anxiety and stress, she applied, and was ultimately approved, for leave pursuant to the FMLA, which began on September 16, 2020, and was ultimately extended one-month on October 14, 2020.

10. During Vinson's leave, she was repeatedly required to continue work on tasks, in violation of the FMLA.

11. For example, on October 9, 2020, a road patrol lieutenant, Lt. Marnee Batchelor, while at Vinson's residence to deliver certain paperwork, told her that she

needed to have her work phone charged and on at all times in case "they [the LCSO]" need to get ahold of her.

12. During Vinson's leave, she received almost daily calls from LCSO, including calls from a road patrol sergeant, Captain David Pelton, and HR Director Erica McCann.

13. During Captain Pelton's calls to Vinson, he would ask such questions as: "Are you going to return to work after your FMLA leave ends?" and "Have you found a babysitter?"

14. Additionally, during the October 9 meeting with Lt. Batchelor, Vinson was told she was required to draft letters of apology relating to an Internal Affairs investigation.

15. Vinson also experienced retaliation following her exercise of rights pursuant to the FMLA.

16. Vinson was assigned to road patrol in the absolute furthest possible zone from her house, which was 1.5 hours away and transformed her workday from 12 hours per shift to 15 hours.

17. The zone, which is typically slow, is routinely left vacant.

18. At the time Vinson was assigned to this zone, there were several vacant zones in between that were in areas with a very high call volume.

19. Assignment to this distant zone was also a safety risk as the nearest backup, in a best-case scenario would be over 20 minutes away.

20. Although Vinson had last been on road patrol in 2005, Defendant undertook no efforts to provide retraining to her.

21. All other employees who had returned to road patrol after time lapses received retraining.

22. Additionally, on September 30, 2020, Vinson's road patrol lieutenant, Lt. Mike Ross, denied two memos for an interest to transfer, despite the fact that her captain, Captain Pelton, previously told her to submit the transfer memos.

23. Additionally, October 13, 2020, Vinson submitted another memo for interest in an open position.

24. Lt. Ross denied it without allowing Vinson an opportunity to interview.

25. On December 11, 2020, Vinson was constructively discharged.

26. The actions of Defendant created an entirely untenable situation in which no reasonable person would continue an employment relationship.

27. As a result, Vinson's employment with Defendant terminated on December 11, 2020.

**COUNT I: FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq*.**
**(RETALIATION)**

28. Vinson incorporates by reference paragraphs 1 through 14 and 10 through 27 of this Complaint.

29. Vinson met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons.

30. Vinson was entitled to FMLA leave.

31. Vinson engaged in statutorily protected activity by applying for and taking leave under the FMLA.

32. Thereafter, Vinson suffered adverse employment decisions as discussed above and incorporated herein.

33. These adverse decisions were made as a direct result of, and in retaliation for, Vinson exercising her rights under the FMLA.

34. Defendant did not act in good faith, nor did it have any reasonable grounds for believing that its actions were in compliance with the FMLA.

35. Moreover, Defendant's proffered reason for engaging in the foregoing acts was merely pretext for its unlawful retaliatory actions against Vinson for availing herself of the rights afforded to her under the FMLA.

36. As a result of Defendant's retaliatory conduct, Vinson suffered lost compensation, including the loss of wages and benefits.

37. Vinson has and will continue to incur attorneys' fees and costs in this action, and is entitled to recovery of his attorneys' fees and costs pursuant to the FMLA, 29 C.F.R. § 825.400(c).

WHEREFORE, Vinson demands judgment against Defendant for:

  a. Lost wages and benefits;

  b. Liquidated damages;

  c. Injunctive relief;

  d. Attorney's fees and costs;

  e. Prejudgment interest; and

  f. Any other relief this Court deems just and proper.

## COUNT II: FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq*. (INTERFERENCE WITH RIGHTS)

38. Vinson hereby incorporates by reference paragraphs 1 through 14 of this Complaint.

39. Vinson met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons, including her serious health condition.

40. Vinson was entitled to FMLA leave.

41. Though Defendant initially approved Vinson's leave request, Vinson was thereafter required to continue working while on leave.

42. Vinson exercised her rights under the FMLA by requesting leave for her work-related anxiety and stress.

43. By having Vinson continue to provide work for Defendant while on leave, Defendant interfered with Vinson's exercise of her rights as provided and protected by the FMLA.

44. Defendant did not act in good faith, nor did it have any reasonable grounds for believing that its actions were in compliance with the FMLA.

45. As a result of Defendant's interference with Vinson's rights, she suffered lost compensation, including the loss of wages and benefits.

46. Vinson has and will continue to incur attorneys' fees and costs in this action, and is entitled to recovery of her attorneys' fees and costs pursuant to the FMLA. 29 C.F.R. § 825.400(c).

## DEMAND FOR RELIEF

WHEREFORE, Vinson demands judgment against Defendant for:

  a. Lost wages and benefits;

  b. Liquidated damages;

  c. Injunctive relief;

  d. Attorneys' fees and costs of this action pursuant to 29 C.F.R. § 825.400(c);

  e. Prejudgment interest; and

  f. Any other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Vinson hereby demands a trial by jury on all issues and counts triable of right before a jury.

Date: September 8, 2022.                    Respectfully submitted,

                                                                           s/ Christopher A. Pace  
                                                                           Jill S. Schwartz, Esquire  
                                                                           Florida Bar No.  523021  
                                                                           Christopher A. Pace, Esquire  
                                                                           Florida Bar No. 676721  
                                                                           JILL S. SCHWARTZ & ASSOCIATES, P.A.  
                                                                           655 W. Morse Blvd., Suite 212  
                                                                           Winter Park, Florida 32789  
                                                                           Telephone: (407) 647-8911  
                                                                           Facsimile: (407) 628-4994  
                                                                           E-mail: jschwartz@schwartzlawfirm.net  
                                                                           E-mail: cpace@schwartzlawfirm.net  

                                                                           Attorneys for Plaintiff